STATE OF MAINE                              UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                             PORTLAND
                                            Docket No. CDCR-19-6339

STATE OF MAINE              )
                           )
v.                         )                ORDER ON DEFENDANT'S
                           )                MOTION TO SUPPRESS
ALAIN UWACU                )
                           )
            Defendant      )

Defendant's Motion to Suppress came before the court for hearing on April 4, 2022. Defendant, Alain Uwacu, was present with his lawyer, Attorney Roger Brunelle. Assistant District Attorney Amanda Doherty appeared on behalf of the State. The court heard testimony from Detective Sergeant Jason Andrews of the Windham Police Department. Defendant, with no objection from the State, entered a USB thumb drive into evidence which contained a video recording of the Defendant's statement at the Windham Police Department.

Mr. Uwacu seeks suppression of statements he made during a meeting with Detective Sergeant Andrews on the grounds that he was subjected to custodial interrogation without having been provided the requisite *Miranda* warnings and that his statements were not voluntarily made. Defendant's arguments are largely based on the premise that English is not Defendant's first language.

"In order for the statements made prior to a *Miranda* warning to be admissible, the State must prove, by a preponderance of the evidence, that the statements were made while the person was not in custody or was not subject to interrogation." *State v. Bridges*, 2003 ME 103, ¶ 23. For purposes of *Miranda*, "custodial interrogation" includes both "express questioning" and "any words or actions ... that the police should know are reasonably likely to elicit an incriminating response." *Pennsylvania v. Muniz*, 496 U.S. 582, 600-01 (1990); *see also State v. Lear*, 1998 ME 273, ¶ 9 ("The *Miranda* rule does not apply to spontaneous statements that are not a response to interrogation.").

The appropriate analysis for the determination of custody is set forth in *State v. Glenn*, 2021 ME 7, ¶ 21, 244 A.3d 1023, in which the Law Court found, "For purposes of *Miranda*, an

JUL 26 '22 AM8:30
REC'D CUMB CLERK'S OFC

individual is considered 'in custody' when subject to either a formal arrest or a restraint on freedom of movement to the degree associated with formal arrest," *State v. Glenn*, 2021 ME 7, ¶ 21, 244 A.3d 1023, 1029 (citing *State v. Hopkins*, 2018 ME 100, ¶ 36, 189 A.3d 741, 752) (quotation marks omitted).

> We objectively review the pertinent circumstances to decide whether a reasonable person in the defendant's position would have felt free to terminate the interaction with law enforcement or if there was a restraint on freedom of movement of the degree associated with a formal arrest.

*Id.*

The Law Court further explains in *Glenn*:

> To assist in this determination, we have enumerated a number of factors that should be viewed in their totality to determine whether an individual is "in custody":
>
> 1. the locale where the defendant made the statements;
> 2. the party who initiated the contact;
> 3. the existence or non-existence of probable cause to arrest (to the extent communicated to the defendant);
> 4. subjective views, beliefs, or intent that the police manifested to the defendant to the extent they would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave;
> 5. subjective views or beliefs that the defendant manifested to the police, to the extent the officer's response would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave;
> 6. the focus of the investigation (as a reasonable person in the defendant's position would perceive it);
> 7. whether the suspect was questioned in familiar surroundings;
> 8. the number of law enforcement officers present;
> 9. the degree of physical restraint placed upon the suspect; and
> 10. the duration and character of the interrogation.

*State v. Glenn*, 2021 ME 7, ¶ 21, 244 A.3d 1023, 1029 (citing *State v. Michaud*, 1998 ME 251 ¶ 4, 724 A.2d 1222, 1226.) *See also State v. Williams*, 2011 ME 36, 15 A.3d 753 (applying above-listed factors in totality in determining that defendant was not in custody at time of police interrogation).

The evidence does not support a finding that Defendant was in custody at the time of his statement. Rather, Defendant responded of his own volition to the police department after a

telephone conversation with Detective Sergeant Andrews. Upon his arrival to the Windham Police Department, the Defendant went to an interview room on the second floor. The door to the interview room remained open, Defendant sat closest to the door, and there was no physical restraint to Defendant's movement or opportunity to exit. Detective Sergeant Andrews told Defendant that he was not obligated to speak to police, that there was no possibility that he would be arrested that day, and that he was free to stop talking and leave whenever he wanted. Based on the foregoing, the court finds that Defendant was not in custody, and so not subject to custodial interrogation that would require the protection of *Miranda* warnings.

Under the Maine Constitution, the court assesses the voluntariness of a Defendant's statement by deciding whether the statements were the product of a free choice and rational mind, and not a product of coercive conduct by the police, and whether, considering the totality of the circumstances, the admission of the statements would be fundamentally fair. *State v. Athayde*, 2022 ME 41, ¶ 22, -- A.3d --. The totality of the circumstances includes "the details of the interrogation; duration of the interrogation; location of the interrogation; whether the interrogation was custodial; the recitation of *Miranda* warnings; the number of officers involved; the persistence of the officers; police trickery; threats, promises or inducements made to the defendant; and the defendant's age, physical and mental health, emotional stability, and conduct." *Id.*, ¶30 (quoting *State v. Akers*, 2021 ME 43, ¶ 47, 259 A.3d 127.)

In this instance, Defendant came to the police station of his own accord after police called him on the telephone. He spent about an hour in the interview room, and was not in custody, as described above. There was only one officer conducting the interview and there is

3

no evidence of trickery, promises or threats. Defendant made no confession or admission to the conduct for which he is charged. The Defendant is an adult, from observation he appears to be in good physical and mental health, and showed no physical illness, emotional instability or lack of fortitude. Although Defendant is not a native English speaker, his English was clear and not labored. His answers were appropriately responsive to questions, indicating he understood the questions asked of him. He acknowledged that he did not understand the word "polygraph," when the topic was raised, showing that if he did not understand something, he was able to ask for clarification. Defendant appeared comfortable and gave full, candid responses to the detective's questions. There appeared no impediment or barrier to communication in English between the Defendant and Detective Andrews. Considering all of those elements, this court finds that Defendant's statements during his interview with police were voluntary.

This court finds that Defendant was not in custody at the time of the statement at issue and that the statement was voluntary in its entirety. Therefore, suppression of Defendant's challenged statements is not warranted.

It is accordingly hereby ORDERED that Defendant's Motion to Suppress is hereby DENIED in its entirety.

DATED: 7/19/22

Hon. Maria Woodman
Judge, Maine Unified Criminal Docket

JUL 26 '22 AM8:30
REC'D CUMB CLERKS OFC